# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| NEVADA POWER PRODUCTS, INC., a Nevada Corporation,<br><br>   Plaintiff,<br><br>v.<br><br>DEERE & COMPANY, a Delaware Corporation; and DOES I-X, inclusive,<br><br>   Defendants. | Case No. 3:14-cv-00274-RCJ-WGC<br><br>Judge: Robert C. Jones<br><br>Magistrate Judge William G. Cobb<br><br>**STIPULATED PROTECTIVE ORDER** |

**IT IS HEREBY STIPULATED AND AGREED**, by and between counsel for the parties, that the terms and conditions of this Stipulated Protective Order shall govern the handling of all documents designated as "Confidential" by any party.

**IT IS HEREBY ORDERED** as follows:

1. This Order shall be applicable to and govern all confidential documents, information or material (collectively "material") produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions and all other discovery taken in this matter.

2. Confidential material shall be used by any recipient solely for the purpose of conducting this litigation and not for any other purpose whatsoever.

3. Material designated as "Confidential" may be disclosed only to the following persons:

   (a) the attorneys working on this action on behalf of any party, including in-house attorneys, all paralegal assistants, stenographic and clerical employees working under the direct supervision of such attorney;

   (b) any person not employed by a party (which permits disclosure to independent

21981599v1

contractors and consultants as limited by the terms of the annexed ACKNOWLEDGMENT), who is expressly retained or sought to be retained by any attorney described in paragraph 3(a) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

(c) any party or director, officer, employee or independent contractor of the party who is required by such party to work directly on this litigation, with disclosures only to the extent necessary to perform such work;

(d) former employees of Deere & Company or Nevada Power Products or any other related legal entity, whose duties and responsibilities of employment involved matters relevant to the claims or defenses in this lawsuit; and/or

(e) the Court, persons employed by the Court, jurors or potential jurors in this case or any appeal therefrom, stenographers transcribing testimony or argument at hearings or trial, case evaluators, mediators, and facilitators.

4. The persons described in paragraph 3 shall have access to the Confidential material once they have been made aware of the provisions of this Order and have manifested their assent to be bound thereby by signing a copy of the annexed "ACKNOWLEDGMENT." The persons receiving Confidential material are enjoined from disclosing it to any other person, except in conformance with this Order.

5. The recipient of any Confidential material that is provided under this Order shall maintain such information confidential in accordance with the ACKNOWLEDGMENT attached to this Stipulated Protective Order.

6. The parties shall designate Confidential materials as follows:

(a) In the case of documents, interrogatory answers, responses to requests to admit, and the information contained therein, designation shall be made by placing the following legend on any

such document prior to production: "Confidential" or such other legend as the parties mutually agree upon. If a party inadvertently produces a document containing Confidential material without marking it as such, it may be disclosed to others until the receiving party is informed in writing of the error, after which it shall be treated as if it had been timely designated;

(b) In the case of depositions, designation of the portion of the transcript (including exhibits) which contains Confidential material shall be made by a statement to such effect on the record in the course of the deposition or upon review of such transcript by counsel for the party to whose Confidential material the deponent has had access. Said review by counsel shall occur within thirty (30) days after counsel's receipt of the transcript. Counsel shall list on a separate piece of paper the numbers of the pages of the transcript containing Confidential material, inserting the list at the end of the transcript, and mailing copies of the list to counsel for all parties so that it may be affixed to the face of the transcript and each copy thereof. Pending such designation by counsel, the entire deposition transcript, including exhibits, shall be deemed Confidential material. If no such designation is made within thirty (30) days after receipt of the transcript, the transcript shall be considered not to contain any Confidential material. The party disclosing "Confidential" material shall have the right to exclude from attendance at the deposition during such time as the "Confidential" material is to be disclosed any person not described in paragraph 3;

(c) In the event the producing party elects to produce documents and things for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of initial inspection, all such unmarked documents within the produced files will be considered as marked "Confidential." Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party shall mark the copies of such documents as may contain Confidential material with the "Confidential" marking or such other legend as the parties otherwise

agree upon at the time the copies are produced to the inspecting party; and,

\*\*     (d) Transcripts of depositions will not be filed with the Court unless it is necessary to do so for purposes of trial, motions for summary disposition, class certification briefing, appeal or other matters. If a deposition transcript is filed and if it contains Confidential material, all pages designated as containing "Confidential" material pursuant to paragraph 6(b) shall be filed under seal.

7.     If a party objects to the designation of material as Confidential, that party shall submit in writing to the party so designating, with specificity, its basis for the objection. The parties must then meet and confer in a good faith effort to resolve the objection. If the parties are unable to resolve the objection, the party contesting the designation may contest the designation with the Court. If no such motion is filed, the information shall be treated as Confidential material. Material designated as Confidential should be treated as such unless otherwise ordered by the Court.

8.     Nothing in this Order shall preclude any party to the lawsuit or their attorneys from (a) showing a document designated as Confidential material to any individual who either prepared or reviewed the document prior to the filing of this action, or (b) disclosing or using, in any manner or for any purpose, any information or documents which that party has produced, including information or documents which the party itself has designated as Confidential material.

9.     If any party to the lawsuit determines that a document contains sensitive or proprietary information, then that party may designate and stamp such document or documents as "Attorney's Eyes Only." Attorney's Eyes Only documents will be restricted to the view of those individuals identified in paragraphs 3(a), 3(b) and 3(e) above. By designating documents or information Attorneys' Eyes Only, the party represents in good faith that the documents or information is extremely confidential, sensitive and/or proprietary in nature and inappropriate for disclosure to opposing parties. Documents marked as Attorneys' Eyes Only are otherwise subject to the same

restrictions as Confidential documents, including the objections provision contained in paragraph 7.

10. If documents or information subject to a claim of attorney-client privilege, work product immunity, trade secret protection, or any other relevant privilege or immunity under relevant case law and rules, production of which should not be made to any party, is inadvertently produced to such party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product, trade secret, or other ground for withholding production to which any party producing the documents or information would otherwise be entitled. Any such inadvertently produced materials shall be returned promptly to the party producing the documents or information upon request and all copies destroyed up on request, and no use thereof shall be made by the party to whom such documents or information were inadvertently produced.

11. Within sixty (60) days of the termination of litigation between the parties, all Confidential and Attorneys' Eyes Only material, and all copies thereof, shall be returned by each party's counsel to the party which produced the material or the material shall be destroyed. If the material is destroyed by the party, such party must provide a certification of destruction to the other party within the referenced 60-day period.

12. If any person or entity possessing Confidential or Attorneys' Eyes Only materials is subpoenaed in another action or proceeding or served with a document demand, and such subpoena or document demand requests the production of Confidential or Attorneys' Eyes Only materials, the person receiving the subpoena or document demand shall give prompt written notice to counsel for the producing party, and shall, to the extent permitted by law, court rule and court order, (1) withhold production of the requested material until the producing party permits production, or until a court of competent jurisdiction orders otherwise, and (2) seek to enable the producing party to move to quash or limit the subpoena or document demand.

13. The Stipulated Protective Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions contained therein.

14. The parties may amend the terms of this Stipulated Protective Order by agreement signed by counsel for all parties to this litigation.

**SO ORDERED:**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: July 21, 2014

\*\* **6 (d) is modified as follows:**
Any document or transcript filed under seal must comply with L.R. 10-5(b) and *Kamakana v. City & Cnty. of Honolulu*, 447 F. 3d 1172, 1179 (9th Cir. 2006).

WE STIPULATE AND AGREE TO THE ENTRY OF THIS ORDER:

GUILD, RUSSELL, GALLAGHER & FULLER, LTD.

By _/s/ Paul D. Quandt_____
John K. Gallagher, ESQ.
Paul D. Quandt, ESQ.
Timothy Summers, ESQ.
100 West Liberty Street, Suite 800
P.O. BOX 2838
Reno, Nevada 89505

ATTORNEYS FOR PLAINTIFF


LATHROP & GAGE LLP

By _/s/_____
Timothy K. McNamara, ESQ.
(Admitted Pro Hac Vice)
J. Alison Auxter, ESQ.
(Admitted Pro Hac Vice)
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108-2618

Paul J. Georgeson, ESQ.
Adam Hosmer-Henner, ESQ.
McDONALD CARANO WILSON LLP
100 West Liberty Street, 10th Floor
P.O. Box 2670
Reno, Nevada 89505-2670

ATTORNEYS FOR DEFENDANT

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that s/he has read the STIPULATED PROTECTIVE ORDER which was signed by the Court on _____, 2014, in *Nevada Power Products, Inc. v. Deere & Company, a Delaware Corporation; and Does I-X, inclusive*, Case No. 3:14-cv-00274-RCJ-WGC, that s/he is one of the persons contemplated in paragraph 3 thereof as authorized to receive disclosure of material designated "Confidential" by any of the parties, and that s/he fully understands and agrees s/he is subject to the terms of the STIPULATED PROTECTIVE ORDER, and agrees to abide by the obligations and conditions of the terms thereof. The undersigned agrees (a) to maintain all material disclosed to him/her which has been designated "Confidential" and to refrain from directly or indirectly disclosing such material to any other person without the express written consent of the parties to said action or their respective counsel, (b) to take all reasonable precautions necessary to prevent dissemination of such material to any other person, and (c) to return all such material to counsel from which s/he received the Confidential materials, or to the producing party of such Confidential materials, within sixty (60) days of the termination of the litigation between the parties.

_____
(Signature)

_____
(Title or Position)

Dated: _____